UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Desiree Crystal WELCH MOLINA,<br><br>                                    Plaintiff,<br><br>v.<br><br>U.S. BORDER PATROL,<br><br>                                    Defendant. | Case No.: 25-cv-1948-AGS-JLB<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS (ECF 3) AND DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff Desiree Welch Molina, proceeding without an attorney, is suing defendant U.S. Border Patrol to seek deletion of records resulting from a 2013 drug-related detention. She also requests to proceed *in forma pauperis*, that is, without paying the court's filing fees. As explained below, her IFP application is granted. But her complaint does not survive mandatory screening, so it will be dismissed with leave to amend.

**DISCUSSION**

**A.    IFP Application**

Parties instituting civil actions in United States district courts must pay $405 in filing fees. *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). But plaintiffs granted the right to proceed IFP need not pay those fees. *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Welch Molina's application states that she recently became unemployed and is "pending to receive unemployment benefits." (ECF 3, at 7.) She currently only has ten dollars in her checking account, no other assets, and estimates her monthly expenses at "$2,875." (*Id.* at 4, 7.) Paying the filing fee would result in an undue hardship on plaintiff, and as "a party need not be completely destitute to proceed IFP," the motion is granted. *See Blount v. Saul*, No. 21-CV-0679-BLM, 2021 WL 1561453, at *1 (S.D. Cal. Apr. 21, 2021).

1

**B.     Screening and Dismissal**

The IFP statute "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citing 28 U.S.C. § 1915(e)(2)). Federal Rules of Civil Procedure 8 and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Welch Molina claims that in 2013, she was "stopped by U.S. Border Patrol while returning from Yuma, Arizona." (ECF 1, at 2.) After a drug-sniffing dog alerted, "agents searched [her] vehicle and located a small amount of marijuana along with paraphernalia." (*Id.*) As a result, she was "briefly questioned" and her "fingerprints were taken" before being released. (*Id.*) "No charges, citations, or convictions resulted from this incident." (*Id.*)

"Since that time," Welch Molina asserts she has "remained sober, law-abiding, and ha[s] had no further legal issues." (*Id.* at 3.) So, she requests the Court "seal and remove from public access all records related to" her brief 2013 detention. (*Id.*)

But Welch Molina does not point to any authority for this Court to order U.S. Border Patrol to expunge her records. "Although 'expungement' may mean different things in different states, in general when a defendant moves to expunge records, she asks that the court destroy or seal the records of the fact . . . ." *United States v. Crowell*, 374 F.3d 790, 792 (9th Cir. 2004). The Ninth Circuit has "recognized two sources of authority by which courts may expunge records of criminal conviction: statutes and our inherent authority." *Id.* Welch Molina does not identify any such statute, and the Court's own research has not provided any. *See, e.g.*, 5 U.S.C. § 552a (Privacy Act permitting a person to challenge agency records and sue after exhaustion of administrative remedies); *but see* 5 U.S.C. § 552a(j)(2)(A) (exempting from Privacy Act challenges "reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws"); *see also* 18 U.S.C. § 3607(c) (permitting the expungement of records under the "Controlled

Substances Act" only if "the person was less than twenty-one years old at the time of the offense"). Welch Molina claims to be 40 years old now, which means in 2013 she was in her late twenties and ineligible for youth-based expungement. (*See* ECF 3, at 7.)

The Court also has "inherent authority to expunge criminal records" but only "in appropriate and extraordinary cases." *Crowell*, 374 F.3d at 793. That authority is very limited. Critically, "district courts do not have the power to expunge a record of a valid arrest" "solely for equitable concerns." *Id.* Instead, "a district court's ancillary jurisdiction is limited to expunging the record of an *unlawful* arrest or conviction, or to correcting a clerical error." *Id.* (emphasis added); *accord Fazaga v. FBI*, 965 F.3d 1015, 1055 (9th Cir. 2020), *rev'd on other grounds by* 595 U.S. 344 (2022) ("In short, expungement relief is available under the Constitution to remedy . . . alleged constitutional violations."). Welch Molina claims that the officers found a controlled substance in her car and briefly detained her to question her about it. Nothing in her complaint suggests those records were created in support of unlawful or unconstitutional action. As laudable as Welch Molina's actions since 2013 have reportedly been, as it stands, she has not stated a claim for relief that this Court may grant.

The Court will, however, give Welch Molina an opportunity to amend her complaint to address these deficiencies. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (holding that a "district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment" (cleaned up)).

## CONCLUSION

Thus, the Court orders as follows:

1. Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**, and the filing fee is waived.

2. Plaintiff's complaint is **DISMISSED** without prejudice. Plaintiff is granted leave to amend.

3. By **March 2, 2026**, plaintiff must file any amended complaint. The amended

3

complaint must be complete by itself without reference to any previous version of the pleading; defendants not named and any claims not re-alleged in the amended complaint will be considered waived. If plaintiff fails to timely amend, the Court will enter a final order dismissing this civil action.

Dated:  February 2, 2026

_____
Andrew G. Schopler
United States District Judge

4

25-cv-1948-AGS-JLB